```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**TANH HUU LAM,**

                **Petitioner,**

           v.                          CASE NO.  07-3224-RDR

**DUKE TERRELL,**

                **Respondent.**

## O R D E R

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by an inmate of the United States Penitentiary, Leavenworth, Kansas.  Facts pertinent to this court's determination include that on September 15, 1999, petitioner was convicted in the United States District Court for the Eastern District of California of arson resulting in death, and was sentenced to life in prison[1]. Mr. Lam pursued two issues he had reserved on direct appeal, and his conviction was affirmed on June 4, 2001, by the Ninth Circuit Court of Appeals.  United States v. Lam, 251 F.3d 852 (9th Cir. 2001).  He sought review by the United States Supreme Court and certiorari was denied on October 29, 2001.  Lam v. U.S., 534 U.S.

---

[1] Petitioner exhibits the unpublished opinion of the California federal district court on a 2255 motion filed by him, which indicates his first trial in 1998 ended in a hung jury.  Lam v. United States, No. CR. S-97-0054 WBS (EDCA March 6, 2003).  Mr. Lam was re-indicted, and the government filed a notice of intent to seek the death penalty.  Mr. Lam then pled guilty on June 25, 1999. The court found, "At the hearing on his plea, petitioner admitted he hired a man named Trung Pham to kill Tri Tran, a friend whom petitioner blamed for breaking up his marriage. . . .  Petitioner admitted that he provided Pham with a weapon and that Pham told petitioner that he would try to burn down Tran's house."  Id. at *2 (citing June 25, 1999, Tr. at 21:8-10).  As part of his plea agreement, Lam reserved the right to appeal two issues: the trial court's denial of his motion to dismiss the indictment based upon denial of speedy trial, and for violation of his due process and double jeopardy rights.  Id.

1013 (2001).

As grounds for his § 2241 Petition before this court, Mr. Lam claims ineffective assistance of defense counsel at trial and during plea proceedings, he was denied the right to represent himself, and prosecutorial misconduct. He raised these claims along with several others in a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed in the trial court on October 22, 2002. He alleges his § 2255 motion was dismissed based on procedural default on March 6, 2003[2]. The Ninth Circuit affirmed the denial. U.S. v. Lam, 84 Fed.Appx. 892 (9th Cir. Dec. 19, 2003, unpublished). Again, petitioner sought review by the U.S. Supreme Court, which denied certiorari in 2004. Id., 543 U.S. 880 (Oct. 14, 2004). On October 18, 2004, petitioner sought leave from the Ninth Circuit to file a second or successive 2255 motion, which was denied on January 21, 2005. Petitioner also filed a motion pursuant to F.R.C.P. 60(b) to vacate his plea, which the trial court dismissed on May 2, 2005, as second or successive. On September 15, 2005, petitioner filed a Rule 60(b) motion to

---

[2] Petitioner exhibits his 2255 motion, in which he raised numerous claims including ineffective assistance of counsel during plea proceedings and of appellate counsel for failing to raise the claim of ineffective trial counsel. The latter claims were based upon Lam's unconvincing assertion of a conflict of interest in his being represented during plea proceedings by the same counsel who succeeded at his mistrial, and because one of his two appellate counsel was from the same Federal Public Defender's Office as trial counsel. The trial court reasonably found all petitioner's claims, which included those raised herein, were based upon facts occurring prior to entry of Mr. Lam's guilty plea; and he could only attack "the voluntariness and intelligence of his plea." The court further held Mr. Lam had procedurally defaulted the challenge to his plea by not raising it on direct appeal. However, it proceeded to analyze whether or not he had shown cause and prejudice, which would permit him to raise this particular claim in his Section 2255 motion despite procedural default. During this process, the court thoroughly considered and rejected petitioner's claims of ineffective assistance of counsel at the trial and appellate levels.

reopen his 2255 case, which was denied as second or successive on November 28, 2005.  Petitioner now asks this court to review his constitutional claims, which he states have "never been heard by any court yet."

In an Order entered October 19, 2007, this court found petitioner's claims in his Section 2241 petition are attacks upon his conviction entered in the United States District Court for the Eastern District of California.  This court cited statutory language providing that a motion under 28 U.S.C. § 2255 filed in the district that imposed sentence is the "exclusive remedy" for challenging a conviction unless there is a showing that the remedy is inadequate or ineffective.  Id.; Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000).  The court advised petitioner that the § 2255 remedy is inadequate or ineffective only in "extremely limited circumstances," Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999); and that a § 2241 Petition "is not an additional, alternative, or supplemental remedy to the relief afforded by motion in the sentencing court under § 2255."  Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963)(per curiam), cert. denied, 377 U.S. 980 (1964).  The court also held petitioner's allegations, that he is precluded from filing another successive Section 2255 motion in the trial court and that the trial court denied his first Section 2255 motion based upon procedural default, do not establish that the § 2255 remedy is inadequate or ineffective; and therefore do not render his collateral attacks on his conviction cognizable in this district under 28 U.S.C. § 2241.

Petitioner was given thirty (30) days in which to show cause why this action should not be dismissed for lack of jurisdiction.

Petitioner filed a lengthy Response to the court's Order to Show Cause (Doc. 7) and a Supplemental Response (Doc. 8). For the most part, he merely continues to argue his challenges to his conviction, and express disagreement with rulings by the courts having jurisdiction over his direct criminal appeal and his Section 2255 motions. Petitioner's argument that his remedy under Section 2255 has been ineffective is based upon his allegation that the trial court failed to reach the merits of his claims. However, a denial of his 2255 motion on procedural grounds finally and legally disposed of his claims and does not mean that remedy was ineffective. The court concludes this action must be dismissed due to this court's lack of jurisdiction under 28 U.S.C. § 2241 to hear challenges to petitioner's conviction outside this federal judicial district.

**IT IS THEREFORE ORDERED that this action is dismissed and all relief is denied for lack of jurisdiction.**

DATED: This 11th of January, 2008, at Topeka, Kansas.

**s/RICHARD D. ROGERS**
**United States District Judge**